

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILLXXXXXXXXN~~
ATTORNEY GENERAL

Honorable C. Burtt Potter
County Attorney
San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. O-4726
Re: Whether board of trustees of school
district may use local funds to com-
plete unfinished school building.

We have received your letter of recent date in which
you enclose a letter from Mr. H. E. Waldrip, President of the
Board of Trustees of the Sinton Independent School District.
We quote the following from Mr. Waldrip's letter:

"The Sinton Independent School District voted
bonds to the extent of $20,000 for the purpose of
constructing an elementary school building of
materials of other than wood, and to equip the
building. At the time the bond issue was voted
the School District had a committal from the
N Y A for assistance on the project.

"The School Districts application to the NYA
was approved, but Congress failed to make an ap-
propriation for the N Y A and for that reason the
N Y A could not assist in the project.

"The School District through the Board of
Trustees attempted to carry out the wishes of the
Tax Payers who authorized the bond issue by con-
tracting for the construction of as nearly as pos-
sible the complete building, but could only finish
the exterior and make four class rooms tenable for
classes.

"The District has in the Local Fund $23,000.00
and the Trustees wish to use $5,000 of this fund
in completing three more class rooms in the unfin-
ished building. Is it lawful to use the $5,000
for this purpose?"

Article 2827, Revised Civil Statutes, provides the
purpose for which school funds may be expended. Section 2 of
Article 2827 provides as follows:

"The public free school funds shall not be
expended except for the following purposes:

"    . . . . . . .

"2.  Local school funds from district taxes,
tuition fees of pupils not entitled to free tui-
tion and other local sources may be used for the
purposes enumerated for State and county funds
and for purchasing appliances and supplies, for
the payment of insurance premiums, janitors and
other employes, for buying school sites, buying,
building and repairing and renting school houses,
and for other purposes necessary in the conduct
of the public schools to be determined by the
Board of Trustees, the accounts and vouchers for
county districts to be approved by the county
superintendent; provided, that when the State
available school fund in any city or district is
sufficient to maintain the schools thereof in any
year for at least eight months, and leave a sur-
plus, such surplus may be expended for the pur-
poses mentioned herein."

See also Article 2784, Revised Civil Statutes, which
sets forth the purposes for which the trustees of a school
district may levy taxes.

We assume that $23,000 balance is money realized from
a tax levied for the maintenance of the school district.
Article 2784.  We also assume that the $5,000 proposed to be
expended represents surplus moneys in the maintenance fund.

In the case of Madeley et al v. Trustees of Conroe
Independent School District et al, 130 S. W. (2d) 929 (Writ of
Error dismissed, Judgment correct), one of the questions passed
upon by the court was the authority of the trustees of the dis-
trict to use the surplus in the maintenance fund for erecting
and equipping school buildings.  The court held that the local
tax levied and collected by the trustees of an independent
school district for the maintenance of the schools can be used
only for the purposes of maintenance, "to the extent needed
for that purpose. . . "   Articles 2784, 2827, supra. However,
the court made the following statement regarding the use of
surplus moneys in the maintenance fund:

"    . . . . . . .

"    . . . .  What shall the Trustees do with this
surplus?  It cannot be expended in the support and

maintenance of the public free schools, for it
is not needed for that purpose; it cannot be
diverted from public free school purposes, for
under the Constitution it was collected for that
purpose.  It cannot be returned to the tax payers.

"Its allocation to the maintenance fund was
by legislative edict for the purpose of supporting
and maintaining the public free school.  When that
purpose has been effectuated, the fund is no longer
subject to the control of the statutes, for the
purpose of the statutes has been fully effectuated.
If and when the statutes cease to control the fund,
then it becomes a constitutional fund and not a
statutory fund, and may be used by the trustees
for the constitutional purposes; one of the con-
stitutional purposes is 'the erection and equip-
ment of school buildings' within the district.
. . . ."  Article VII, Section 3, Constitution of
Texas.  See also Adams v. Miles, 300 S.W. 211,
41 S. W. (2d) 21.

In view of the foregoing you are respectfully advised
that the fund collected for the support and maintenance of the
public free schools to the extent that it is needed for that
purpose may not be diverted to any other purpose.  Therefore,
the maintenance fund to the extent that it is needed for that
purpose may not be used for the erection and equipping of
school buildings.  However, the surplus in the maintenance
fund may be used for such purposes.  It follows that if the
$5,000 proposed to be expended is a surplus in the maintenance
fund, your question should be answered in the affirmative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/George W. Sparks
George W. Sparks
Assistant

GWS:nw:wc

APPROVED AUG 13, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By_s/BWF_Chairman